UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

July 1, 2013

LETTER TO COUNSEL:

    RE:   *Charles William Wheeler v. Commissioner, Social Security Administration*;
            Civil No. SAG-12-2539

Dear Counsel:

On August 24, 2012, the Plaintiff, Charles William Wheeler, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits. (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and Mr. Wheeler's response to the Commissioner's motion. (ECF Nos. 11, 15, 17). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

Mr. Wheeler filed his claim on May 11, 2009. (Tr. 146-54). He alleged that he became disabled on December 10, 2008. (Tr. 162). His claim was denied initially on August 10, 2009, and on reconsideration on February 3, 2010. (Tr. 85-88, 94-95). A hearing was held on December 8, 2010 before an Administrative Law Judge ("ALJ"). (Tr. 31-82). Following the hearing, on December 23, 2010, the ALJ determined that Mr. Wheeler was not disabled. (Tr. 15-30). The Appeals Council denied Mr. Wheeler's request for review (Tr. 1-5), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that Mr. Wheeler suffered from several severe impairments, including bipolar disorder, anxiety disorder, and alcohol dependence in recent remission. (Tr. 20). Despite these impairments, the ALJ determined that Mr. Wheeler retained the residual functional capacity ("RFC") to:

> [P]erform a full range of work at all exertional levels but with the following nonexertional limitations: carrying out simple tasks in 2-hour increments; having occasional interaction with coworkers and supervisors, and no direct interaction with the general public (except incidental interaction); and adapting to simple changes in a routine work setting.

(Tr. 22). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Wheeler can perform jobs that exist in significant numbers in the national economy, and that he is therefore not disabled. (Tr. 25).

Mr. Wheeler presents three arguments on appeal. First, he contends that the ALJ failed to give proper weight to Dr. Khan and Dr. Schemm's opinions. Mr. Wheeler further argues that the ALJ failed to properly assess Mr. Wheeler's credibility. Each argument lacks merit.

First, Mr. Wheeler argues that the ALJ improperly assigned little weight to the opinions of Dr. Khan. A treating physician's opinion is not entitled to controlling weight if it is inconsistent with the other substantial evidence. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). The ALJ assigned "little weight" to Dr. Khan's opinions. (Tr. 24). This assignment of weight was not erroneous.

Dr. Khan opined that Mr. Wheeler's ability to relate to coworkers, deal with the public, and deal with work stressors was "poor." (Tr. 318). Dr. Khan also opined that Mr. Wheeler cannot be expected to relate predictably in social situations or understand complex instructions (Tr. 319), that he would miss work more than three times a month, and that he would not be able to work forty hours a week. (Tr. 219, 220). The ALJ assigned little weight to those opinions because Dr. Khan's treatment notes indicate that Mr. Wheeler's symptoms improved with treatment. (Tr. 23). The ALJ also found that Dr. Khan's opinions were not supported by the record, "including [Dr. Khan's] own treating notes which typically showed normal mental status examination findings." (Tr. 24). This finding is supported by substantial evidence. Dr. Khan consistently rated Mr. Wheeler's GAF score at 55, indicating only moderate limitations. (Tr. 269, 288, 294, 326, 357). Dr. Khan's notes also consistently indicate that upon examination, Mr. Wheeler is alert, his appearance and behavior are appropriate, his speech has normal clarity, rate, and volume, his thought process is goal directed, and his thought content is normal. (Tr. 275-85, 356, 366, 368, 372). Dr. Khan's reports also largely find that Mr. Wheeler's mood is stable. Moreover, as the ALJ noted, the state agency physician Dr. Suansilppongse also made findings that aligned with the ALJ's determinations and contradicted Dr. Khan's. (Tr. 24, 335-48). Therefore, the ALJ's findings are supported by substantial evidence.[1]

Mr. Wheeler next argues that the ALJ failed to properly consider the opinion of Michael Schemm, LCPC pursuant to SSR-06-3p. Pl. Mot. 19-20. That ruling states that the ALJ should consider evidence from licensed clinical social workers, even if they are not "acceptable medical sources." It also states that opinions from a source that is not deemed an "acceptable medical source" may outweigh an opinion from an acceptable medical source. Here, the ALJ stated that "Mr. Schemm's opinion is not entitled to the weight of a medical opinion because he is not an acceptable medical source." (Tr. 24). Mr. Wheeler argues that this statement equates to a failure by the ALJ to comply with SSR 06-3p. However, the ALJ did consider Mr. Schemm's evidence, but assigned "diminished weight" to his opinion because it was "somewhat internally inconsistent . . . and not consistent with the record evidence as a whole." (Tr. 24). More specifically, Mr. Schemm opined that Mr. Wheeler suffered marked difficulties in the areas of social functioning and concentration, but that his ability to understand and follow simple

---

[1] Mr. Wheeler also argues that Dr. Khan's opinions are sufficient to establish the elements of Listing 12.04. Because the ALJ properly assigned little weight to Dr. Khan's opinions, this argument also fails.

instructions, maintain personal appearance, and function independently was "good," and that his ability to concentrate and follow work rules was "fair." (Tr. 376-78). Accordingly, the ALJ did not err by assigning little weight to Mr. Schemm's opinion.

Lastly, Mr. Wheeler contests the ALJ's credibility analysis. The Fourth Circuit has developed a two-part test for evaluating a claimant's subjective complaints. *Chater*, 76 F.3d at 594. First, there must be objective medical evidence of a medical impairment reasonably likely to cause the symptoms alleged by the claimant. *Id.* After the claimant meets this threshold obligation, the ALJ must evaluate "the intensity and persistence of the claimant's [symptoms], and the extent to which it affects [his] ability to work." *Id.* at 595. The ALJ followed that process in this case. She determined that Mr. Wheeler's "medically determinable impairment could reasonably be expected to cause the alleged symptoms." (Tr. 23). However, she did not find Mr. Wheeler's testimony as to the intensity, persistence, and limiting effects of his symptoms to be entirely credible. *Id.*

The ALJ discussed Mr. Wheeler's testimony that his main problem was anger, but that he had not started anger management classes, he was personable at the hearing, and was friendly and polite during his interview with a claims representative. (Tr. 22). The ALJ's suggestion of anger management to Mr. Wheeler at the hearing does not belie her adverse credibility finding. In fact, the ALJ credited Mr. Wheeler's allegations of difficulty with anger by limiting Mr. Wheeler's RFC to "occasional interaction with coworkers and supervisors, and no direct interaction with the general public." *Id.* The ALJ discussed Dr. Khan's reports, which largely indicated that Mr. Wheeler's mood is stable. Furthermore, the ALJ considered the opinions of Dr. Khan and Mr. Schemm, which discuss Mr. Wheeler's subjective complaints, and assigned little weight to those opinions. Therefore, the ALJ's adverse credibility finding is supported by substantial evidence.

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 11) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 15) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge